# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3747 | **DATE** | 7/16/2004 |
| **CASE TITLE** | Darlene Unruh vs. Kmart Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Status hearing held. Enter Memorandum Opinion and Order. K'Mart's motion to dismiss is granted. (4-1) Unruh's appeal and this action are dismissed with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 7/16/2004 | |
| SN | courtroom deputy's initials | date mailed notice SN | |
| | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re )<br>)<br>KMART CORPORATION, et al., )<br>)<br>           Debtors. )<br>_____)<br>)<br>DARLENE UNRUH, )<br>)<br>           Appellant, )<br>)<br>   v. )<br>)<br>KMART CORPORATION, )<br>)<br>           Appellee. ) | No. 04 C 3747<br>(Bankr. No. 02 B 2474)<br><br>DOCKETED<br>JUL 19 2004 |

MEMORANDUM OPINION AND ORDER

In connection with this bankruptcy appeal by Darlene Unruh ("Unruh"), appellees Kmart Corporation and certain of its domestic subsidiaries and affiliates (collectively "Kmart") have tendered their motion to dismiss Unruh's appeal as untimely. That motion was presented on June 14, 2004, and this Court gave Unruh fully four weeks--until July 12--to file her response.

That filing date had apparently come and gone with no input from Unruh, for the District Court Clerk's Office file and docket reflected no response as having been received from her. But it then occurred to this Court that counsel such as Unruh's, who had already managed to blow an unambiguous jurisdictional deadline, might well have tendered her court-ordered response to a court other than this one that had entered the order. Sure enough, when at this Court's request its docket clerk checked the



enormous Kmart bankruptcy docket, she located Unruh's Response to Motion To Dismiss Appeal as having been filed there--a document that carried the wrong caption ("In the United States Bankruptcy Court," not the "United States District Court"), the wrong case number (02-2474, which is the Kmart Chapter 11 case number in the Bankruptcy Court, not the correct District Court number as shown in the caption of this memorandum order) and the wrong judge's name (Honorable Susan Sonderby, not this Court).[1]

But there is no need to dwell on such manifestations of careless practice. Instead this Court has focused on the substance of the motion to dismiss and has found it to be unanswerable for the reasons discussed hereafter.

Bankruptcy Rule ("Rule") 8002 sets a 10-day time limit for filing a notice of appeal from a bankruptcy court decision, and the failure to comply with that timing requirement is a jurisdictional flaw that mandates dismissal by the district court (see, e.g., In re Maurice, 69 F.3d 830, 832 (7th Cir. 1995); Stelpflug v. Fed. Land Bank of St. Paul, 790 F.2d 47, 49 (7th Cir. 1986)(per curiam) and cases cited there). That 10-day clock begins to tick upon entry on the bankruptcy court docket of the order sought to be appealed (see Rule 8002(a) and Stelpflug, 790

---

[1] This memorandum order will not be lengthened unduly by setting out the substantial number of other errors that are to be found in that Response--perhaps minor in themselves, to be sure, but also providing an insight into the degree of probity that might be attached to Unruh's counsel's excuses for the jurisdictionally late filing.

2

F.2d at 50). In this instance that docket date was February 13, 2004. And unlike Fed. R. Civ. P. 6(a), which would add any intervening weekends and holidays to that 10-day period if the matter were subject to the Federal Rules of Civil Procedure, Rule 9006(a) provides for such addition only if the prescribed period is shorter than *eight* days (Maurice, 69 F.2d at 832-33).[2] All of that being the case, Unruh's notice of appeal had to be filed not later than February 23, 2004--but it was not in fact filed until February 26.

By way of seeking to excuse his thus having missed the plainly-spelled-out 10-day deadline for filing the notice of appeal here, Unruh's counsel points to his asserted lack of knowledge of the entry of the order appealed from (something that is really inexcusable, given Judge Sonderby's February 11 oral ruling coupled with her contemporaneous statement that the written order would then issue) and to a miscalculation that he says was created by adding three days for mailing. Why? Because, he says, that is the operative rule in the Nevada *state* courts.[3] And Unruh's counsel then seeks to use those excuses as

---

[2] That distinction may well be a trap for the unwary, but efforts to coordinate those timetables by amending the respective rules have been unsuccessful to this point.

[3] As counsel himself says, a Nevada state court notice of appeal must be "filed within thirty days of notice of written entry plus three days for mailing." If counsel correctly understood that the 30-day state court practice did *not* apply in the federal courts, what conceivable justification could there be for an assumption that the state court's three-day allowance for

3

a springboard for invoking the Supreme Court's expansion in Pioneer Inv. Servs. Co. v. Brunswick Assocs., Ltd. Partnership, 507 U.S. 380 (1993) of the concept of "excusable neglect" contained in Rule 9006(b)(1).

But once again Unruh's counsel has really not looked at the operative rules. Here is the relevant roadmap:

    1. Rule 8002 prescribes the time for filing notices of appeal. As already discussed, it is Rule 8002(a) that mandates such filing "within 10 days of the date of the entry of the judgment, order, or decree appealed from."

    2. Rule 9006(b)(1), which was at issue in <u>Pioneer Inv.</u>, states the <u>general</u> "excusable neglect" principle that was construed there. But that provision for possible enlargement of allowable time does not apply here, for it begins with "[e]xcept as provided in paragraphs (2) and (3) of this subdivision."

    3. In turn, Rule 9006(b)(3)(emphasis added) provides an express limit on any enlargement of time in the situation now before this Court:

> The court may enlarge the time for taking action under Rule[ ]...8002 [among others] <u>only</u> to the extent and under the conditions stated in those Rules.

    4. To return then to Rule 8002, its subdivision (c)(2) (emphasis again added) contains a strict limit on the

---

mailing <u>did</u>?

4

granting of relief for "excusable neglect":

> A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion <u>filed not later than 20 days after the expiration of the time for filing a notice of appeal</u> may be granted upon a showing of excusable neglect.

Here Unruh did not file a timely--or indeed any--written motion that requested an extension of time for filing her notice of appeal. In this instance the 20-day period allowed by Rule 8002(c)(2), which had to be measured from the February 23 deadline for the notice of appeal itself, ran out on March 15, 2004. And that failure on Unruh's part is fatal to any argument based on "excusable neglect," whether it is sought to be advanced under <u>Pioneer Inv.</u> or otherwise (<u>In re Williams</u>, 216 F.3d 1295, 1297-98 (11th Cir. 2000)(per curiam)).[4]

With all of that being true, the Kmart motion is plainly well taken. Unruh's appeal and this action are dismissed with prejudice.

                                                */s/ Milton I. Shadur*
                                        Milton I. Shadur
Date: July 16, 2004       Senior United States District Judge

---

[4] Nor may Unruh claim that the notice of appeal can itself play the role of a motion for extension under Rule 8002(c)(2) (<u>id.</u>). And in that respect see also <u>United States ex rel. Leonard v. O'Leary</u>, 788 F.2d 1238, 1240 (7th Cir. 1986)(per curiam) and the host of cases cited there, all ruling to the identical effect as to notices of appeal under Fed. R. App. P. 4(a).

5